# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL SIMPSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AHLIN,<br><br>　　　　　Defendant. | **Case No.  1:16-cv-00373-SKO (PC)**<br><br>**ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS BARRED BY *HECK V. HUMPHRY*, 512 U.S. 477 (1994)**<br><br>**(Doc. 1)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

　　　　Plaintiff, Earl Simpson, is a civil detainee who is currently proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff contends he has served a twenty year sentence, but instead of being released on parole, he has been detained in a California State Hospital.  (Doc. 1.)  Plaintiff requests a finding that his due process rights have been violated and that he be released from state custody.  (*Id*.)  It appears that Plaintiff may have intended to pursue habeas corpus relief, rather than an action under §1983.

　　　　When a person in custody challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus.  *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991).  Moreover, when seeking damages for an allegedly unconstitutional conviction, imprisonment, or confinement, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into

question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994).  "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 488.

The Complaint does not contain any allegations to show that Plaintiff's detention order has been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus.  It appears that Plaintiff's intent in filing this action is for habeas corpus relief rather than to pursue claims under § 1983.

Accordingly, it is HEREBY ORDERED that within **twenty-one (21) days** from the date of service of this order, Plaintiff shall show cause in writing why this action should not be dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  **The failure to respond to this order will result in dismissal of this action, without prejudice.**

IT IS SO ORDERED.

Dated:   **January 3, 2017**              /s/ *Sheila K. Oberto*
                                          UNITED STATES MAGISTRATE JUDGE