# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL SIMPSON,<br><br>            Plaintiff,<br><br>    v.<br><br>AHLIN,<br><br>            Defendant. | **Case No.  1:16-cv-00373-DAD-SKO (PC)**<br><br>**FINDINGS AND RRECOMMENDATION TO DISMISS CASE AS BARRED BY *HECK V. HUMPHRY*, 512 U.S. 477 (1994)**<br><br>**(Docs. 1, 7)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

## I.  **Findings**

Plaintiff, Earl Simpson, is a civil detainee who is currently proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff contends that although he has served his twenty year sentence, instead of being released, he has been detained in a California State Hospital.  (Doc. 1.)  Plaintiff requests a finding that his due process rights have been violated and that he be released from state custody.  (*Id*.)

It appears that Plaintiff may have intended to pursue *habeas corpus* relief, rather than an action under §1983.  Thus, on January 4, 2017, an order issued giving Plaintiff thirty days to show cause ("OSC") why this action should not be dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994) and *Edwards v. Balisok*, 512 U.S. 641 (1997).  (Doc. 7.)  Plaintiff did not file any response.

When a person in custody challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a

writ of *habeas corpus*. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction, imprisonment, or confinement, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 488.

The Complaint does not contain any allegations to show that Plaintiff's detention order has been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus. It appears that Plaintiff's intent in filing this action is for *habeas corpus* relief rather than to pursue claims under § 1983.

## II.     Conclusion & Recommendations

Plaintiff's claims challenges his detention in a California State Hospital rather than his release on parole -- a challenge which may be brought only in a petition for a writ of *habeas corpus*. Thus, Plaintiff has failed to state any claims that are cognizable under section 1983 until the actions of which he complains have been reversed, expunged, declared invalid, or called into question by a writ of *habeas corpus*. Plaintiff need not be given leave to amend as these deficiencies are not capable of being cured through amendment. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's complaint (Doc. 1) be dismissed without prejudice for failure to state a claim upon which relief can be granted;
2. The Clerk's Office be directed to send Plaintiff a *habeas* petition form; and
3. If Plaintiff chooses to pursue his claims via a *habeas* petition, or no longer desires to attempt to pursue his claims in the Complaint under 42 U.S.C. § 1983, he must file a notice of voluntary dismissal in this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **21 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 8, 2017**                    /s/ *Sheila K. Oberto*
                                                UNITED STATES MAGISTRATE JUDGE